FILED

2016 NOV 21 PM 12: 26

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YUDISNEISYS ZALDIVAR,

    Plaintiff,

v.                                    Case No.: 6:16cv2025-orl-28GJK

ADECCO USA, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, YUDISNEISYS ZALDIVAR, by and through undersigned counsel, brings this action against Defendant, ADECCO USA, INC., and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA").

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

2. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

### PARTIES

3. Plaintiff is a resident of Orange County, Florida, and she worked in Orange County for Defendant.

4. Defendant operates a staffing agency in Orange County, Florida.

## GENERAL ALLEGATIONS

5. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA.

6. At the time of these events, Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

7. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff began working for Defendant on or around November 2014.

13. At all times relevant to the facts alleged, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

14. On or about March of 2016, Plaintiff became aware of her pregnancy and at the same time began experiencing health issues.

15. Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself and her unborn child.

16. On or about June 11, 2016, Plaintiff's employment was terminated for absences that should have been protected by the FMLA.

17. Plaintiff exercised her rights under the FMLA by notifying Defendant of her need for medical leave.

18. By terminating Plaintiff, Defendant violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

19. Plaintiff realleges and readopts the allegations of paragraphs 1 through 18 of this Complaint, as fully set forth herein.

20. Plaintiff required time off from work to care for herself and her unborn child, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

21. By terminating Plaintiff's employment for repeated absences due to hospital visits, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

22. Defendant's actions were willful and done with malice.

23. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this \_\_17th\_\_ day of November, 2016.

        Respectfully submitted,

        */s/ Luis A. Cabassa*
        **LUIS A. CABASSA**
        Florida Bar Number: 0053643
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Direct Dial: (813) 379-2565
        Facsimile: 813-229-8712
        Email: lcabassa@wfclaw.com
        Email: twells@wfclaw.com
        **Attorneys for Plaintiff**